1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

10  JACOB MICHAEL RENSHAW,                    Case No. 1:14-cv-00302-SKO (PC)

11              Plaintiff,                    SECOND SCREENING ORDER
                                             DISMISSING AMENDED COMPLAINT,
12          v.                               WITH LEAVE TO AMEND

13  KENNETH BIRD, M.D., et al.,               (Doc. 8)

14              Defendants.                    THIRTY-DAY DEADLINE
    _____/

15

16                        **Second Screening Order**

17  **I.    Procedural Background**

18          Plaintiff Jacob Michael Renshaw, a prisoner proceeding pro se and in forma pauperis, filed

19  this civil rights action pursuant to 42 U.S.C. § 1983 on March 4, 2014.  The events at issue

20  occurred in 2013 at the Fresno County Jail in Fresno, California, where Plaintiff is presently

21  incarcerated.  On October 10, 2014, the Court dismissed Plaintiff's complaint, with leave to

22  amend, for failure to state a claim under section 1983.  Plaintiff filed an amended complaint on

23  October 30, 2014.

24  **II.   Screening Requirement and Standard**

25          The Court is required to screen complaints brought by prisoners seeking relief against a

26  governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

27  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

28  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that

1  seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),

2  (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court

3  shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to

4  state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

5        A complaint must contain "a short and plain statement of the claim showing that the

6  pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

7  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

8  conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937

9  (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and

10  courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572

11  F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual

12  allegations are accepted as true, legal conclusions are not.  *Iqbal*, 556 U.S. at 678.

13        Under section 1983, Plaintiff must demonstrate that each defendant personally participated

14  in the deprivation of his rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  This

15  requires the presentation of factual allegations sufficient to state a plausible claim for relief.  *Iqbal*,

16  556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  Prisoners

17  proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and

18  to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)

19  (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the

20  plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

21  **III.**   **Discussion**

22        **A.**   **Allegations**

23        Plaintiff brings this action for damages against Deputy Health Officer Kenneth Bird, M.D.,

24  and former jail physician Alfredo Ruvalcaba.  Plaintiff alleges that he is vision impaired, and he

25  suffered from severe migraine headaches, dizziness, and loss of balance between October 30,

26  2012, and July 18, 2013, because he was denied prescription eyeglasses by jail staff.  Plaintiff

27  alleges that he filed numerous jail grievances regarding his medical problems and need for

28  prescription eyeglasses.  Plaintiff was not seen by jail staff but he alleges Defendant Ruvalcaba

1  sent him a memorandum informing him that pursuant to policy, the jail does not provide inmates

2  with prescription eyeglasses.

3      Plaintiff's amended complaint sets forth fewer allegations than his original complaint, and

4  it is not supported by the exhibits included with the original complaint.  However, the Court may

5  consider documents which are incorporated by reference, such as the jail's policy, Defendant

6  Bird's declaration, and Plaintiff's habeas filings, which are attached to his original complaint.

7  *Harris v. Amgen, Inc.*, 770 F.3d 865, 874 (9th Cir. 2014).

8      **B.    Medical Care Claim**

9          **1.    Legal Standard**

10      While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical

11  care, the Eighth Amendment is violated only when a prison official acts with deliberate

12  indifference to an inmate's serious medical needs.[1]  *Snow v. McDaniel*, 681 F.3d 978, 985 (9th

13  Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th

14  Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d

15  1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that

16  failure to treat [his] condition could result in further significant injury or the unnecessary and

17  wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately

18  indifferent."   *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d 1091, 1096 (9th Cir. 2006)).

19  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain

20  or possible medical need, and (b) harm caused by the indifference."  *Wilhelm*, 680 F.3d at 1122

21  (citing *Jett*, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which

22  entails more than ordinary lack of due care.  *Snow*, 681 F.3d at 985 (citation and quotation marks

23  omitted); *Wilhelm*, 680 F.3d at 1122.

24          **2.    Findings**

25              **a.    Objective Element**

26      Plaintiff's allegation that he suffered from severe migraine headaches, dizziness, and loss

27  of balance for approximately six months due to his vision impairment suffices to support the

28

---

[1] Based on Plaintiff's exhibits, he is a convicted prisoner rather than a pretrial detainee.  (Doc. 1, Comp., p. 13.)

1  existence of an objectively serious medical need.  *Colwell v. Bannister*, 763 F.3d 1060, 1066-67

2  (9th Cir. 2014); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).

3  **b.    Subjective Element**

4  The second element of an Eighth Amendment claim is subjective deliberate indifference,

5  which involves two parts.  *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1078

6  (9th Cir. 2013).  Plaintiff must demonstrate first that the risk was obvious or provide other

7  circumstantial evidence that Defendants were aware of the substantial risk to his safety, and

8  second that there was no reasonable justification for exposing him to that risk.  *Id.* (citing *Thomas*

9  *v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010)) (quotation marks omitted).  There must be some

10  causal connection between the actions or omissions of each named defendant and the violation at

11  issue; liability may not be imposed under a theory of *respondeat superior*.  *Iqbal*, 556 U.S. at 676-

12  77; *Lemire*, 726 F.3d at 1074-75; *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012)

13  (en banc); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101

14  (2012).

15  **1)    Defendant Bird**

16  Defendant Bird signed a declaration on March 26, 2013, for submission by respondent

17  Fresno County Sheriff's Office in Plaintiff's habeas case, and Plaintiff submits the declaration in

18  this case as evidence that Defendant Bird lied by omission with respect to his vision impairment.

19  (Doc. 1, Comp., pp. 19-20.)  However, as the Court found in its first screening order, there is

20  nothing in the declaration itself which supports a claim for deliberate indifference against

21  Defendant Bird.  Defendant Bird never examined or treated Plaintiff and he apparently had no

22  interaction with Plaintiff except for providing a declaration addressing Plaintiff's need for

23  eyeglasses.  At that time, no physician at the jail had seen Plaintiff and recommended eyeglasses.

24  The fact that Defendant Bird attested he reviewed forty-seven pages of prison medical records and

25  did not find anything other than two documents indicating Plaintiff had 20/20 vision on April 13,

26  2009, and June 29, 2009, also does not suffice to demonstrate deliberate indifference.

27  ///

28  ///

4

1    Based on court records submitted by Plaintiff, Defendant Bird signed a second declaration

2 in Plaintiff's habeas case in June 2013, in which he conceded that Plaintiff's vision was 20/100.

3 (*Id.*, p. 38.)  By that time, however, Plaintiff had been examined by an optometrist.

4    While Defendant Bird *may have* known of and disregarded Plaintiff's medical need for

5 eyeglasses prior to May 28, 2013 when Plaintiff was finally seen by an optometrist, Plaintiff's

6 allegations and exhibits fall short of supporting a reasonable inference that Defendant Bird acted

7 with deliberate indifference.   The mere possibility of misconduct, which is all that has been

8 shown, is insufficient to support an Eighth Amendment claim, even affording Plaintiff's

9 allegations the liberal construction due to pro se litigants.  *Iqbal*, 556 U.S. at 678; *Hebbe*, 627 F.3d

10 at 342.

11                    **2)**      **Defendant Ruvalcaba**

12    Turning to Defendant Ruvalcaba, his contact with Plaintiff was apparently limited to

13 sending Plaintiff a copy of the jail's policy regarding eyeglasses on January 31, 2013, in response

14 to Plaintiff's first appeal submitted on January 3, 2013.  (Doc. 1, Comp., p. 11.)  Although the

15 memorandum itself does not indicate who sent it, Defendant Bird's first declaration stated that per

16 Plaintiff's medical chart, Defendant Ruvalcaba sent a letter to Plaintiff on January 31, 2013,

17 regarding the policy.  (*Id.*, p. 20.)  Plaintiff's appeal notified staff that he was visually impaired

18 and had been informed by medical staff that the jail does not provide prescription eyeglasses.

19 Plaintiff stated he was grieving medical staff's inability to treat his medical disability.  The appeal

20 did not contain mention of Plaintiff's severe migraine headaches, dizziness, and loss of balance.

21    The Court finds the link between the alleged violation of Plaintiff's rights and conduct

22 attributable to Defendant Ruvalcaba is too attenuated to support an Eighth Amendment claim.  Jail

23 officials are responsible for providing medical care to inmates, and an ill-conceived policy will not

24 shield officials from liability when the policy itself amounts to deliberate indifference to medical

25 needs.  *Colwell*, 763 F.3d at 1066-67.  However, Plaintiff's complaint does not set forth any facts

26 linking Defendant Ruvalcaba to actions or omissions evidencing deliberate indifference.  At best,

27 Plaintiff has shown that Defendant Ruvalcaba sent him a copy of the jail's policy in response to an

28

1    inmate appeal.  This does not demonstrate that Defendant Ruvalcaba knew Plaintiff had a serious

2    medical need but nevertheless disregarded it.  *Snow*, 681 F.3d at 985; *Wilhelm*, 680 F.3d at 1122.

3                    **3)      Municipal Liability Against County**

4         "Courts in this circuit have an obligation to give a liberal construction to the filings of pro

5    se litigants, especially when they are civil rights claims by inmates," *Blaisdell v. Frappiea*, 729

6    F.3d 1237, 1241 (9th Cir. 2013), and pro se complaints "may only be dismissed 'if it appears

7    beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

8    entitle him to relief,'" *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Wilhelm*,

9    680 F.3d at 1121).  "This rule relieves pro se litigants from the strict application of procedural

10   rules and demands that courts not hold missing or inaccurate legal terminology or muddled

11   draftsmanship against them."  *Blaisdell*, 729 F.3d at 1241.  However, the plaintiff must still set

12   forth sufficient factual allegations, tempered by his pro se status, to support a plausible claim for

13   relief; the mere possibility of misconduct will not suffice.  *See Iqbal*, 556 U.S. at 678-79; *Moss v.*

14   *U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The Court cannot "supply essential

15   elements of the claim that were not initially pled," *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir.

16   2014).

17        Based on the nature of Plaintiff's allegations, which include allegations and exhibits

18   evidencing the existence of a county policy, Plaintiff is entitled to notice regarding municipal

19   liability and one final opportunity to amend.  "[A]lthough section 1983 imposes liability only on

20   'persons' who, under color of law, deprive others of their constitutional rights, the Supreme Court

21   has construed the term 'persons' to include municipalities such as the County."  *Castro v. Cnty. of*

22   *Los Angeles*, __ F.3d __, __, No. 12-56829, 2015 WL 1948146, at *__ (9th Cir. May 1, 2015)

23   (citing *Monell v. Department of Social Services*, 436 U.S. 658, 690-91, 98 S.Ct. 2018 (1978)).

24   Counties may not be held liable for the actions of their employees under a theory of *respondeat*

25   *superior*, but they may be held liable for a constitutional violation if an action taken pursuant to a

26   policy, be it a formal or informal policy, caused the underlying violation.  *Castro*, __ F.3d at __,

27   2015 WL 1948146, at *__ (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 131, 108 S.Ct.

28   915, (1989) and *Monell*, 436 U.S. at 691) (quotation marks omitted).

1       Plaintiff's allegations suggest he was denied medically necessary prescription eyeglasses

2   based on a county jail policy.  Although he has been unable to establish a causal connection

3   between Defendants Bird and Ruvalcaba and a violation of his rights, he is entitled to an

4   opportunity to amend regarding his potential municipal liability claim, as there is no question that

5   Plaintiff is entitled to basic medical care, which can encompass vision care.[2]  *Colwell*, 763 F.3d at

6   1066-67; *see Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1021 (9th Cir. 2010) (municipal

7   liability claim cannot be maintained unless there is an underlying constitutional violation).

8   **IV.**   **Conclusion and Order**

9       Plaintiff's amended complaint fails to state a claim upon which relief may be granted under

10  section 1983 against Defendants Bird and Ruvalcaba.  The Court will provide Plaintiff with one

11  final opportunity to file an amended complaint.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir.

12  2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-

13  49 (9th Cir. 1987).  However, Plaintiff may not change the nature of this suit by adding new,

14  unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

15      Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but under section 1983,

16  it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional

17  rights and liability may not be imposed on supervisory personnel under the theory of mere

18  *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr*, 652 F.3d at 1205-07.  Although accepted as

19  true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative

20  level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

21      Finally, an amended complaint supercedes the original complaint, *Lacey*, 693 F.3d at 907,

22  and it must be "complete in itself without reference to the prior or superceded pleading," Local

23  Rule 220.

24      Accordingly, it is HEREBY ORDERED that:

25      1.       Plaintiff's amended complaint is dismissed, with leave to amend, for failure to state

26           a claim under section 1983;

27

28  [2] Whether Plaintiff had an objectively serious medical need and whether the County's policy amounted to deliberate indifference are not issues subject to resolution at the pleading stage, but his allegations are sufficient to support a claim.

2.   The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and

4.   If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

Dated:   **June 4, 2015**                                              **/s/ Sheila K. Oberto**
                                                                UNITED STATES MAGISTRATE JUDGE

8